Chris Reichman  SBN 250485
PRATO & REICHMAN, APC
3737 Camino del Rio South, Suite 303
San Diego, CA 92108
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff JONATHAN SAPAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SAPAN,<br><br>Plaintiff,<br><br>vs.<br><br>AUTHORITY TAX SERVICES, LLC, a California Limited Liability Company, JOHNSON GIORDANO & ROTH, APC, a California Professional Corporation, WAYNE R. JOHNSON, and individual, THOMAS M. GIORDANO-LASCARI, and individual,<br><br>Defendants. | Case No.: **'13CV2782 JAH  WMC**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

- 1 -

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

COMES NOW Plaintiff JONATHAN SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

1. As set forth more fully below Plaintiff in this case complains that Defendants transmitted seventy-two (72) or more telemarketing calls to his home phone number which was on the federal "Do Not Call" registry in violation of the Telephone Consumer Protection Act of 1991 and the federal regulations promulgated thereunder and associated California laws.

## JURISDICTIONAL ALLEGATIONS

2. Plaintiff is, and at all times herein mentioned was, a resident of the County of San Diego, State of California.

3. Defendant AUTHORITY TAX SERVICES, LLC is, and at all times herein mentioned was, a California Limited Liability Company doing business in the County of San Diego, State of California.

4. Defendant JOHNSON GIORDANO & ROTH, APC is, and at all times herein mentioned was, a California Professional Corporation doing business in the County of San Diego, State of California.

5. Defendant WAYNE R. JOHNSON is, and at all times herein mentioned was, and individual and resident of the State of California doing business in the County of San Diego, State of California.

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

6. Defendant WAYNE R. JOHNSON is, and at all times herein mentioned was, a member of the State Bar of California, bar number 181937.

7. Defendant THOMAS M. GIORDANO-LASCARI is, and at all times herein mentioned was, and individual and resident of the State of California doing business in the County of San Diego, State of California.

8. Defendant THOMAS M. GIORDANO-LASCARI is, and at all times herein mentioned was, a member of the State Bar of California, bar number 244485.

9. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is appropriate in the Southern District because the telemarketing calls complained of herein were transmitted to Plaintiff's home phone in the County of San Diego, State of California.

11. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## FACTUAL SUMMARY

12. On at least seventy-two separate occasions between May 16, 2013 and August 27, 2013, JONATHAN SAPAN received calls to his home phone number, 858-433-9808, from Defendants wherein they attempted to pitch their tax and financial services.

13. Mr. Sapan's residential phone number was registered on the National Do Not Call registry maintained by the Federal Trade Commission at the date and time of each of the calls complained of herein.

14. Attached hereto as Exhibit A and incorporated herein as if set forth verbatim is a true and correct copy of a log Plaintiff kept detailing the calls he knows about that Defendants made to him listing date and time of each call as well as the Caller ID information and some brief notes regarding what happened during a few of the calls.

15. The Caller ID number listed for each of these calls was 858-947-5560.

16. This Caller ID number is not publicly listed as belonging to any of Defendants.

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991

17.     The Caller ID name for the calls complained of was listed as either "DEL MAR CA" or "Name Unavailable".

18.     Regulations promulgated by the Federal Communications Commission require telemarketers to transmit accurate Caller ID information.  47 C.F.R. § 64.1200 (b), 47 C.F.R. § 64.1601 (e).

19.     Defendants' telemarketing representatives identified the call as being from Authority Tax Services or gave their website address as "www.authoritytaxservices.com" during some of the calls as shown on Exhibit A.

20.     The domain name registrant of "www.authoritytaxservices.com" is Defendant AUTHORITY TAX SERVICES, LLC, and the administrative contact name listed is Defendant THOMAS [] GIORDANO-LASCARI.

21.     Defendant AUTHORITY TAX SERVICES, LLC on its web page tends to give the impression that it is a law firm or at least that it benefits from the management of and involvement of licensed attorneys and since some of the services offered therein may only be provided by attorneys and Defendant JOHNSON GIORDANO & ROTH, APC has the exact same principal owners and managers and appears to be highly interconnected, Plaintiff pleads on information and belief that Defendant JOHNSON GIORDANO & ROTH, APC ordered, authorized, and had substantial involvement in causing the calls complained of herein to be transmitted to Mr. Sapan.

- 5 -

22. Plaintiff pleads on information and belief that Defendant WAYNE R. JOHNSON, who purports to be President of Defendant AUTHORITY TAX SERVICES, LLC, ordered, authorized, and had substantial involvement in causing the calls complained of herein to be transmitted to Mr. Sapan.

23. Plaintiff pleads on information and belief that Defendant THOMAS M. GIORDANO-LASCARI, who purports to be Chief Financial Officer of Defendant AUTHORITY TAX SERVICES, LLC and is listed as its primary website contact and who is a named partner in Defendant JOHNSON GIORDANO & ROTH, APC, ordered, authorized, and had substantial involvement in causing the calls complained of herein to be transmitted to Mr. Sapan.

24. Mr. Sapan never gave any of Defendants express permission to call his home phone number, and in fact as shown in Exhibit A, repeatedly demanded they stop calling him.

25. Mr. Sapan has no business relationship with any of Defendants and had never had any contact with them until they started transmitting the calls complained of herein to him.

26. The calls complained of herein were not made for any emergency purpose; they were attempts to solicit business for Defendants.

/ / /

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

27.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

28.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

29.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

30.   Defendants have called Plaintiff's residential telephone line for solicitation purposes at least seventy-two (72) times during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendants made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendants have express permission from

Plaintiff to call, nor did Defendants have a personal relationship with Plaintiff.  47 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

31.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder. Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

32.    Plaintiff realleges all paragraphs above and incorporates them herein by reference.

33.    The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

34.    At no time did Plaintiff consent to this trespass.

35.    As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof.

36.    In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex,

injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

37. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

38. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

39. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (5);

2. For an award of $1,500.00 for each such violation found to have been willful;

- 9 -

On the SECOND CAUSE OF ACTION:

    3.    For compensatory damages according to proof;

    4.    For punitive damages;

On the THIRD CAUSE OF ACTION:

    5.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    6.    For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    7.    For costs of suit herein incurred; and

    8.    For such further relief as the Court deems proper.

DATED: November 22, 2013        **PRATO & REICHMAN, APC**

    /s/ Christopher J. Reichman
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
JONATHAN SAPAN

Complaint for, *inter alia*, Violation(s) of Telephone Consumer Protection Act of 1991